Creighton Sebra, Esq. (pro hac vice forthcoming)
CLARK HILL PLLC
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use of Benefit of SOURCE HELICOPTERS, DIVISION OF ROGERS HELICOPTERS, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAYERS CONSTRUCTION, LLC, a Texas limited liability company PHILADELPHIA INDEMNITY INSURANCE COMPANY, a PENNSYLVANIA corporation; and DOES I-V and ROE CORPORATIONS I-V,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

Use-Plaintiff, by and though counsel, alleges:

### COMMON ALLEGATIONS

1.　Source Helicopters, Division of Rogers Helicopters, Inc. ("Rogers"), Use-Plaintiff in this

action, is a corporation organized and existing under the laws of the State of California with its principal office and place of business located at 5508 East Aircorp Way, Fresno, California. Rogers is engaged in the business of helicopter support and providing labor, materials, and equipment.

2.  Defendant, Sayers Construction, LLC ("Sayers" or "Contractor"), is a limited liability company organized and existing under the laws of the State of Texas, with its principal office and place of business located at 8300 Winterstein Drive, Austin, Texas.

3.  Defendant, Philadelphia Indemnity Insurance Company ("PIIC" or "Surety"), is a corporation organized and existing under the laws of the State of Pennsylvania and duly authorized to engage in the business of executing surety bonds in numerous states, including, upon information and belief, the State of Nevada, the State of California, the State of Texas, and the State of Arizona, with its principal office and place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania.

4.  This action arises, and the court has jurisdiction, under the Miller Act, United States Code Annotated, Title 40, Sections 3131 to 3134 (40 USC §§ 3131 to 3134). Venue is proper in this district because the principal contract described below between Sayers and the United States of America, acting by and through the United States Department of Energy, Western Area Power Administration, was to be performed and primarily in Nevada.

5. Rogers also invokes the pendent jurisdiction of this court as to any claims or causes of action which are not subject to the Miller Act, such claims presenting substantial issues before this court. Any and all claims found pendent are joined in this action as being derived from the common, operative facts of the Miller Act claims described herein.

**FIRST CLAIM FOR RELIEF**
**(Miller Act Payment Bond (40 USC 3131-3134) Against All Defendants)**

6. Rogers repeats and realleges the allegations contained in Paragraphs 1 through 5 as though the same were fully set forth herein.

7. On or about September 14, 2017, Sayers entered into a written contract (the "Prime Contract) with the United States of America, acting by and through the United States Department of Energy, Western Area Power Administration, to furnish the materials and perform the labor for the project generally referred to as the "Mead-Perkins & Mead Marketplace 500kV Transmission Line Spacer Damper Replacement Project" (the "Project") in accordance with the terms and conditions contained in the Prime Contract, having prime contract number DE-WA0003961, and a contract value of approximately $5,452,085. The Prime Contract involved the construction, alteration, or repair of a public building or public work of the United States.

8. On or about September 22, 2017, pursuant to the terms of the Prime Contract, Sayers, as principal, and PIIC ("Defendants"), as surety, executed and delivered a bond to the United States, conditioned as required by the Miller Act, whereby said Defendants bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of

them and bound themselves in a sum of money equal to the contract price. Said bond executed and delivered for the protection of all persons, like Rogers here, supplying labor and materials in the prosecution of the work provided for in the Prime Contract. Thus, the Miller Act provisions apply here, Rogers is protected by the Miller Act, and Rogers' claim is recoverable under the Miller Act. Rogers provided proper notice of its claim under the Miller Act to Sayers.

9. On or about November 1, 2017, Rogers entered into a written contract (having a caption of "Agreement Between Contractor and Subcontractor" which is hereinafter referred to as the "Subcontract") with Sayers, under which Rogers agreed to perform certain work and provide certain labor, equipment and materials required for the Project under the Prime Contract. The Subcontract provides for Rogers to be paid a lump sum for performing its work. The Subcontract provides at Paragraph 2:

> 2. CONTRACT AMOUNT. Subject to the other terms and conditions of the Contract Documents, Contractor [Sayers] agrees to pay Subcontractor [Rogers] for satisfactory and timely performance and completion of Contract Work in accordance and compliance with the Contract Documents: the fixed, lump sum price of three million four hundred fifty eight thousand eight hundred twenty five dollars. ($3,458,825). (Capitalization emphasis in original.)

10. A true and accurate copy of the Subcontract is attached to this Complaint as **Exhibit 1** and incorporated herein by reference.

11. Rogers furnished labor, equipment, and materials on the Project pursuant to the Subcontract and at the specific request of Sayers in the execution of the work required in the Prime Contract between Sayers and the United States of America, Department of Energy, Western Area Power Administration.

12. Sayers breached its contract with Rogers in numerous ways, including but not limited to, Sayers' failure to pay any invoice issued by Rogers in or after November 2018 despite the fact that Sayers has been paid by the United States Department of Energy, Western Area Power Administration for a majority of the work covered by the invoices. The unpaid invoices include:

| | |
|---|---|
| Invoice No. 202764 | $160,650.00 |
| Invoice No. 202478 | $60,000.00 |
| Invoice No. 202469 | $20,812.50 |
| Invoice No. 202479 | $462,437.50 |
| Invoice No. 20288 | $15,640.00 |
| Retention (on prior invoices) | $235,069.50 |
| Total | $954,609.50 |

13. Rogers has fully and completely performed under the Subcontract with Sayers and, under the bond, except those waived, prevented or excused by Defendants, and all of the conditions precedent to performance on the part of Defendants, and each of them, have occurred or have been satisfied.

14. Notwithstanding Rogers' several demands on Sayers for payment, such balances have not been paid and there is now justly due and owing to Rogers the sum of $954,609.50, that amount being the reasonable value of the labor performed and equipment furnished by Rogers to Sayers, less those amounts already paid to Rogers.

15. Sayers breached its contract with Rogers in that it failed and refused to pay Rogers the moneys due it for labor performed and equipment furnished, as set forth above.

16. Rogers provided labor and equipment to Sayers from January 2018 and the work was

substantially complete in November 2018. A period of more than ninety (90) days has elapsed since the last labor was performed and equipment supplied to Sayers by Rogers and Rogers has not been paid in full for the labor performed and equipment furnished for prosecution of the Prime Contract.

17. Rogers and Sayers attended mediation regarding the matters addressed herein but a resolution was not reached.

18. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred.

19. All notices to the Sayers of Rogers' claim for nonpayment were given in compliance with 40 U.S.C.A. § 3133(b)(2). Under the payment bond executed between Defendants Sayers and PIIC, Defendant PIIC is jointly and severally obligated to provide payment to the Rogers for work provide by Rogers on the Project. Accordingly, on the failure of Sayers to compensate Rogers for the work provided to the Project, Defendant PIIC is obligated to pay Rogers the set forth above.

20. Rogers is entitled by law to recover interest on the amounts due at the maximum legal pre-judgment interest rate from the date the sums became due and owing to the date of judgment.

21. Rogers has employed attorneys to enforce its rights in this matter and is entitled to recover its attorney's fees and costs from Defendants.

### SECOND CLAIM FOR RELIEF
**(Breach of Contract Against Sayers)**

22. Rogers repeats and realleges the allegations contained in Paragraphs 1 through 21 as

though the same were fully set forth herein.

23. As alleged in paragraph 9, Rogers entered into a written Subcontract with Sayers, under which Rogers agreed to perform certain work and provide certain labor, equipment and materials required for the Project under the Prime Contract.

24. Rogers has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the Subcontract, except to the extent that Rogers was prevented or excused from performing by the breach of Sayers and as alleged below.

25. Sayers breached the contract by failing to pay Rogers for work performed at the Project as required under the Subcontract. There is now due and owing, an unpaid a balance of at least $954,609.50, excluding prompt payment statute penalties in accordance with applicable State law plus interest at the maximum legal rate according to proof, costs, and attorney's fees in accordance with the Subcontract.

26. As a result of Sayers breach of the Subcontract, Rogers has been damaged in an amount to be determined, but believed to be no less than $954,609.50, plus interest at the maximum legal rate according to proof, statutory prompt payment penalties, costs, and attorney's fees in accordance with the Subcontract.

WHEREFORE, the United States of America, for the use and benefit of Rogers, requests judgment against Sayers and PIIC, as follows:

### On Its First Claim For Relief for Recovery on Miller Act Payment Bond (40 USC 3131-3134) Against All Defendants

1. For the sum of $954,609.50, together with interest at the legal rate on such amount awarded as allowed by law as against Defendants, Sayers and PIIC, both of them, jointly and singly;

2. For interest on said sum at the legal rate per annum from November 2018 through date of judgment;

3. For reasonable attorney's fees pursuant to the Subcontract; and

4. For such other and further relief as the court deems just and proper.

### On Its Second Claim For Relief for Breach of Contract Against Sayers

1. For the sum of $954,609.50, together with interest at the legal rate on such amount awarded as allowed by law as against Sayers;

2. For interest on said sum at the legal rate per annum from November 2018 through date of judgment;

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

3. For reasonable attorney's fees pursuant to the Subcontract; and

4. For such other and further relief as the court deems just and proper.

Respectfully submitted this \_\_11\_\_ day of \_\_September\_\_, 2019.

**Clark Hill, PLLC**

By *[signature]* NSBN 5556
Creighton Sebra, Esq. (pro hac vice forthcoming)
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

222201653v3