UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of benefit of SOURCE HELICOPERTS, DIVISION OF ROGERS HELICOPTERS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SAYERS CONSTRUCTION, LLC, a Texas limited liability company; PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania Corporation; and DOES I-V and ROE CORPORATIONS I-V<br><br>Defendants. | Case No. 2:19-CV-01602-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendant Sayers Construction, LLC's Motion for Leave to Amend (ECF No. 35) filed on January 21, 2020. The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 39), and Defendant's Reply (ECF NO. 40). The Court finds as follows.

I.  **BACKGROUND**

This dispute commenced on September 11, 2019, with a Complaint alleging two causes of action against Sayers Construction, LLC ("Sayers") and Philadelphia Indemnity Insurance Company. Sayers answered Plaintiff's Complaint on November 14, 2019 (ECF No. 16). On December 5, 2019, Sayers filed an "Amended Answer, Affirmative Defenses, and Original Counterclaim[s]." ECF No. 22. Sayers asserted three causes of action in its Original Counterclaims. These included (1) Common Law Fraud / Fraudulent Inducement, (2) Statutory Fraud Pursuant to Section 27.01 of the Texas Business and Commerce Code, and (3) Breach of Contract. ECF No. 22.

In support of its Original Counterclaims (ECF No. 22 ¶¶ 6-9), Sayers alleged that:

- it entered into an agreement with Plaintiff;
- prior to entering into the agreement, Plaintiff represented that it would obtain its own bond, "mobilize on the Project no later than November 2017, and would complete its work on the Project within five months or by the end of April 2018";

1

- these "representations were material to Sayers" when deciding to enter into the agreement;
- Plaintiff then requested more time to complete its work pursuant to terms in the agreement (stating it would begin no later than December 4, 2017, and complete work by July 20, 2018);
- after the agreement was signed, "it became apparent to Sayers" that Plaintiff "had underbid the work" it was to perform; and,
- Plaintiff failed to obtain a bond, failed to mobilize in November 2017, failed to complete work by the end of April 2018, failed to mobilize in December 2017, and failed to complete work by July 20, 2018.

On December 23, 2019, Plaintiff filed a Motion to Dismiss (ECF No 30) arguing that Sayers asserted the same facts in support of all three of its Original Counterclaims (*id*. at 9-10), and sought dismissal of Sayers' fraud claims as insufficiently pleaded. *Id*. at 10-14. On January 21, 2020, Sayers filed the instant motion attaching the proposed amended counterclaims (ECF No. 35-1). On that same date, Sayers filed an opposition to Plaintiff's Motion to Dismiss claiming Plaintiff's Motion was mooted by the proposed amended counterclaims filing. ECF No. 36.

The proposed amended counterclaims assert substantially more facts than the Original Counterclaims. ECF No. 35-1 ¶¶ 7 through 19. In sum, these new allegations include:

- specific email exchanges between the parties (identified by name, date and title) regarding Plaintiff securing its own bond and the cost of that bond; (*id*. ¶¶ 9-10)
- Sayers would not have entered into the agreement with Plaintiff without the representation that Plaintiff would secure its own bond; (*id*. ¶ 11)
- specific email exchanges (with names, dates and titles) regarding Plaintiff's representation that it would start the project no later than December 2017 and, but for this representation, Sayers would not have entered into the agreement with Plaintiff; (*id*. ¶¶ 12-15)
- in late October 2017, Plaintiff sought agreement to a "worse [sic] case" start date of January 8, 2018, which Sayers rejected; (*id*. ¶ 14)
- Plaintiff's failure to start the project in December 2017 supports the conclusion that "Plaintiff never had any intention of doing so," which is further supported by Plaintiff's proposed worst case scenario start date of January 8, 2018; (*id*. ¶ 15)
- Plaintiff's representations to Sayers were made to "induce Sayers into entering [into] the [a]greement with" Plaintiff; (*id*. ¶ 15)
- there were specific email exchanges about Plaintiff completing the project by May 31, 2018; (*id*. ¶ 16)
- Plaintiff's representations regarding the completion date was material to Sayers when deciding to enter into the agreement; (*id*. ¶ 17)
- the agreement says Plaintiff will complete its work no later than July 20, 2018; (*id*. ¶ 18) and,
- after the agreement was signed, it became apparent that Plaintiff underbid the work, Sayers learned Plaintiff did not obtain its own bond, Plaintiff did not begin work on the project in December 2017, did not complete work by the end

2

of April or May 2018, "and [Plaintiff] failed to complete its work on the [p]roject by July 20, 2018." *Id*. ¶ 19.

Plaintiff's Opposition to Sayers' Motion argues that while leave to amend should be freely given when the time to file an amended pleading has not run, Sayers' proposed amended counterclaims are futile under Fed. R. Civ. P. 8(a)(2) and 9(b). ECF No. 39. Plaintiff states that Rule 9(b) sets the "particularity" pleading standard for claims sounding in fraud. Plaintiff further argues that Sayers seeks to turn a standard breach of contract claim into claims involving fraud, but "simply restates contract obligations between the parties." *Id*. at 8. Plaintiff next avers that all Sayers has done is state Plaintiff's alleged fraudulent intent as legal conclusions pointing to the same allegations in support of its fraud claim as it does its breach of contract claim, which fails to meets the pleading standard under Rule 8 and 9(b). *Id.* at 10-11. Finally, Plaintiff says that when a common law fraud claim is dismissed, a statutorily-based fraud claim based on the same facts must also be dismissed. *Id*.

Sayers' Reply states that its proposed amended counterclaim includes far more factual detail than its Original Counterclaims, including factual allegations regarding material misrepresentations pertaining to obtaining a bond and the start and completion dates of the project underlying the agreement that is the subject of the lawsuit. ECF No. 40 at 4-10. Sayers also points out that futility is the only basis upon Plaintiff depends in support of its opposition to the proposed amendment. *Id*. at 10.

**II.    DISCUSSION**

The parties do not dispute that Rule 15(a) of the Federal Rules of Civil Procedure establishes leave to amend should be freely granted when justice so requires. Moreover, when a motion to amend is filed before the time for filing such amendments has run, as established by the parties' discovery plan and scheduling order ("DPSO"), any claim of delay is trumped by the parties agreed upon scheduling order. *United States v. Sharlands Terrace LLC*, Case No. 2:04-CV-00292-LRH-VPC, 2006 WL 8442945 (D. Nev. Oct. 10, 2006), *aff'd by* 03:04-CV-0292-LRH (VPC), 2006 WL 8442944 (D. Nev. Dec. 5, 2006). Thus, delay is not an issue in this case as Sayers' Motion was

1  timely filed pursuant to the DPSO. In fact, as the parties recognize, futility is the only issue raised
2  by Plaintiff as the basis for denying Sayers' Motion to Amend.

3  As the party opposing amendment, it is Plaintiff's burden to demonstrate futility. *DCD*
4  *Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987). "A proposed amendment is futile
5  only if no set of facts can be proved under the amendment that would constitute a valid claim or
6  defense." *Morris v. Cach, LLC*, Case No. 2:13-cv-00270-APG-GWF, 2013 WL 5738047, at *2 (D.
7  Nev. Oct. 22, 2013) (citations omitted). Futility may also be found where "proposed amendments
8  are either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon,* 59 F.3d
9  815, 846 (9th Cir.1995). As explained in *Cach*,

> The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. Under this standard, a district court may not deny a motion to amend for futility unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

13  2013 WL 5738047, at *2 (citations omitted). "The issue is not whether the plaintiff will ultimately
14  prevail but whether the claimant is entitled to offer evidence to support the claims." *Id*. (citations
15  omitted).

16  Generally, under Rule 9(b) of the Federal Rules of Civil Procedure, claims for common law
17  fraud require a party to plead with particularity "the circumstances constituting fraud" as well as
18  "[m]alice, intent, knowledge, and other conditions of a person's mind … ." The Fifth Circuit, like
19  the Ninth Circuit, interprets 9(b)'s particularity requirement as mandating that the pleading party
20  "specify the statements contended to be fraudulent, identify the speaker, state when and where the
21  statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd.*
22  *v. Lucent Tech. Inc.,* 302 F.3d 552, 564–65 (5th Cir. 2002); *Vess v. Ciba-Geigy Corp., USA*, 317
23  F.3d 1097, 1103 (9th Cir. 2003). This means the pleading must include the who, the what, the when,
24  the where, and the how of the alleged fraud. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th
25  Cir. 2010) (citing *Vess*, 317 F.3d at 1106); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare*
26  *Corp.*, 125 F. 3d, 899, 903 (5th Cir. 1997) (citation omitted). While Texas state law applies to the
27  substance of the fraud claims Sayers seeks to assert, the same pleading standard applies to Sayers'
28  common law and statutory fraud claims.

4

Here, Sayers' proposed amended counterclaims clearly plead who said what, and where and when these the supposed fraudulent statements were made. ECF No. 35-1 ¶¶ 7-17. The only real issue is whether Sayers has pleaded "specific allegations" that sufficiently "isolate the statement and particularize … [their] falsity." *Panda Energy International, Inc. v. Calpine Corp.*, Case No. 3:03-CV-2692-B, 2008 WL 3523896, at \*3 (N.D. Tx. Aug. 13, 2008) (citation omitted).

With respect to Sayers' allegations that Plaintiff represented it would obtain a bond, Sayers identifies a September 26, 2017 email in which Ms. Woodward, on behalf of Plaintiff, emailed Sayers information including the reduced cost of the bond Plaintiff was to obtain; and, that on October 19, 2017, Plaintiff, again through Ms. Woodward, sought the final contract "so that corporate" could "start pursuing the bond, etc." ECF No. 35-1 ¶ 10. Sayers does not expressly allege facts that support the conclusion that these representations by Plaintiff were knowingly false or intended to deceive, but does, through its pleading, allege that no bond was obtained by Plaintiff and that obtaining the bond was within Plaintiff's sole control, leading to the reasonable inference, at this stage of the proceedings, that the representations were made, at a minimum, without knowledge of their truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, Plaintiff knew a bond was required, knew it was to obtain the bond, stated it would do so if it could get the final contract from Sayers, but never got the bond. These allegations are sufficient to cross the line from stating a merely conceivable claim of fraud to a plausible claim of fraud as it is reasonable to infer the statements were either potentially with the knowledge that they were false or, perhaps, with the knowledge that they were clearly untrue and intended to deceive. *See Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018).

In contrast, Sayers' allegations regarding the mobilization or start date and completion date of the project fail the 9(b) test. Specifically, Sayers repeats a series of Plaintiff's communications regarding start dates and completion dates that changed over time, as well as Plaintiff's apparent agreement to start work in December, but also, at one time, a suggested worst case start date of January 8, 2018. Sayers concludes that had it "known [Plaintiff] would not start work … in

5

December 2017, Sayers would not have entered into the [a]greement with" Plaintiff. ECF No. 35-1 ¶ 15. Sayers further concludes that Plaintiff's worst case start date suggestion of January 8, 2018 shows it "never had any intention of" starting in December 2017. *Id.* The inquiry the Court must make is whether it can reasonably infer a plausible fraud claim from these alleged facts. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

The Court finds nothing in these allegations that explain how Plaintiff's statements were made knowing they were false or without knowledge of the truth. Although Sayers alleges that Plaintiff failed to commence work in December 2017 (ECF No. 35-1 ¶ 19), and suggested using a start date in January 2018 (*id*. ¶¶ 14, 33, 53, 56) there are no facts alleged (as opposed to conclusory statement, which are alleged in Sayers' Counts I and II) supporting a reasonable inference that these representations were false when made and intended to deceive.[1] Sayers' allegations clearly support a breach of contract claim. The allegations do not establish a fact pattern of unfulfilled promises sufficient to infer that Plaintiff's representations were fraudulent. Therefore, Sayers' Motion to Amend its Counterclaims to include fraud claims (Counts I and II) based on Plaintiff's start date representations is denied.

This same analysis holds true for the completion date for Plaintiff's work, which appears to have changed several times during contract negotiations. ECF No. 35-1 ¶¶ 16-18. While Plaintiff signed the agreement that included a work completion date of July 20, 2018, and while Sayers alleges Plaintiff failed to fulfill this contract term, these allegations do not include sufficient facts to transform a claim from one that is merely conceivable into one that is plausible on its face. Conclusory allegations appearing in paragraphs 35, 36, 58, and 59 do not alter the Court's analysis.

In Sayers' Reply Brief (ECF No. 40) it cites the pleading requirements of fraudulent inducement under Texas law. *Id*. citing *Anderson*, 550 S.W.3d at 614. These requirements include

---

[1] Discussing the False Claims Act, the Fifth Circuit states while intent may be inferred from *repeated* unfulfilled promises, the "mere fact of nonperformance does not state a claim for fraudulent inducement." *U.S. ex rel. Graves v. ITT Educational Services, Inc.*, 284 F.Supp.2d 487, 503 (S.D. Tex. 2003) (citing *United States v. Shah*, 44 F.3d 285, 293 n.14 (5th Cir. 1995). *See also United States of America for the Use and Benefit of E J Smith Construction, Company, LLC*, Case No. 5:15-CV-971 RP, 2016 WL 1030154, at *13 (W.D. Tex. Mar. 10, 2016) (citing *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) (breach of contract is not a fraud unless the contractual promises were made "with the intent to deceive ... at the time the representation was made).

6

not only reliance on a material misrepresentation causing injury to the party seeking relief, but a misrepresentation that was "made with the knowledge of its falsity or asserted without knowledge of its truth." *Anderson*, 550 S.W.3d at 614.  It is this last pleading requirement that Sayers asserts as a legal conclusion unsupported by sufficient factual allegations allowing a reasonable inference of fraud to be drawn. *Iqbal*, 556 U.S. at 678-79, 681.  Sayers' allegations that it became apparent that Plaintiff underbid the work after the agreement was signed, "failed to complete its work … by the end of April or May 2018 ..., and failed to complete its work … by July 20, 2018" does not allow the reasonable inference that Plaintiff's representations regarding the work completion date were made knowing they were false, without knowledge of their truth, and/or with the intent to deceive.  Plaintiff's conclusory allegations to this effect are inapplicable to the Court's analysis.  Moreover, Sayer's allegations regarding how Plaintiff intended to staff the project (ECF No. 35-1 ¶¶ 16 and 57) are not facts demonstrating Plaintiff's lack of truthfulness or a desire to deceive regarding the project completion date.  To the contrary, these allegations – that Plaintiff "would like the option of adding a second crew" if production was impacted by weather or "environmental" – appear to undermine the contention that Plaintiff *intended* to deceive Sayers.  The Court finds that there is simply nothing upon which the Court can reasonably rely to infer Plaintiff knowingly misrepresented its intention of fulfilling the terms of the contract.

As stated in *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), "[t]he elements of fraud include … a misstatement or omission … made with the intent to defraud … ."  Pleading with particularity requires the pleading party "to *explain* why the statements" alleged to be fraudulent were, in fact, fraudulent as opposed to concluding that they were made knowing they were false, reckless or without knowledge of the truth.  *Id.* (emphasis added) (citation omitted).  Sayers' Counterclaims simply do not contain "well pleaded allegations which, if proved, would allow a fact finder to infer that … [Plaintiff] acted with requisite fraudulent intent" when representing the start or completion date of its work.  *Herrmann Holdings Ltd.*, *infra*, 302 F.3d at 565.[2]

---

[2] While this is Sayers' second attempt to plead counterclaims, and a third attempt might be subject to attack, Sayers nonetheless did not seek leave to further amend in its Motion.  Hence, leave to amend is not considered by the Court.

7

### III. CONCLUSION

Accordingly, and as discussed above,

IT IS HEREBY ORDERED that Sayers Construction, LLC's Motion for Leave to Amend (ECF No. 35) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Sayers' Motion is granted such that claims for Common Law Fraud, Fraudulent Inducement, and Statutory Fraud Pursuant to Section 27.01(d) of the Texas Business and Commerce Code, arising from allegations pertaining to Plaintiff securing its own bond, may proceed.

IT IS FURTHER ORDERED that Sayers' Motion is denied without prejudice as to Sayers' claims for Common Law Fraud, Fraudulent Inducement, and Statutory Fraud Pursuant to Section 27.01(d) of the Texas Business and Commerce Code, arising from allegations pertaining to Plaintiff's start and completion date representations. The factual allegations in Sayers' proposed amended counterclaims regarding these alleged fraudulent statements fail to state claims with the particularity required by Fed. R. Civ. P. 9(b).

IT IS FURTHER ORDERED that Sayers shall prepare and file an amended answer and counterclaims consistent with this Order.

IT IS FURTHER ORDERED that Plaintiff shall have seven days from the date the amended answer and counterclaims is filed to file a responsive pleading.

DATED: April 29, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8