1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                       * * *
7    UNITED STATES OF AMERICA, for the use        Case No. 2:19-CV-1602 JCM (EJY)
     and benefit of SOURCE HELICOPTERS,
8    DIVISION    OF    ROGERS    HELICOPTERS,                     ORDER
     INC.,
9
                              Plaintiff(s),
10
11            v.
12   SAYERS CONSTRUCTION, LLC, et al.,
13                            Defendant(s).

14
15          Presently before the court is defendant Sayers Construction, LLC's ("Sayers") objection,
16   (ECF No. 44), to the magistrate judge's order, (ECF No. 43), granting in part and denying in part
17   defendant's motion for leave to file an amended counterclaim, (ECF No. 35).   Plaintiff
18   responded, (ECF No. 45), and defendant filed no reply.
19          Also before this court is plaintiff's motion to dismiss defendants' counterclaims.  (ECF
20   No. 30).  Defendant responded, (ECF No. 36), and moved to amend its counterclaims, (ECF No.
21   35).
22       I.      Background
23          On September 11, 2019, plaintiff filed its complaint alleging two causes of action against
24   defendants Sayers and Philadelphia Indemnity Insurance Company.  (ECF No. 1).   Sayers
25   answered, (ECF No. 16), and later, filed an amended answer, affirmative defenses, and original
26   counterclaims.  (ECF No. 22).  In it, Sayers asserted three causes of action: (1) common law
27   fraud/fraudulent inducement, (2) statutory fraud pursuant to Section 27.01 of the Texas Business
28   and Commerce Code, and (3) breach of contract.  (*Id.*).

James C. Mahan
U.S. District Judge

On December 23, 2019, plaintiff filed the instant motion to dismiss, (ECF No. 30), arguing that Sayers' fraud claims were insufficiently pleaded.  (*Id.*).  On January 21, 2020, defendant moved to amend its counterclaims, (ECF No. 35), and responded that plaintiff's motion to dismiss was thus moot, (ECF No. 36).

The magistrate judge granted in part and denied in part defendant's motion to amend. (ECF No. 43).  The magistrate judge found that defendant's contract-related counterclaim and and fraud-related counterclaims as they pertained to "plaintiff's securing its own bond" could proceed, but defendant's fraud-related counterclaims as they pertained to "plaintiff's start and completion date representations" could not due to futility.  (*Id.*).

Defendant filed its instant objection to the magistrate judge's order.  (ECF No. 44).

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a) allows leave of court to amend a pleading when justice so requires.  However, courts may deny leave to amend based on the following factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment and whether the party has previously amended its pleading.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Morris v. Cach, LLC*, 2:13-cv-00270-APG-GWF, 2013 WL 5738047, at *2 (D. Nev. Oct. 22, 2013) (citations omitted).  Futility may also be found where "proposed amendments are either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  The test for futility is akin to the "the test for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "Futility alone can justify the denial of a motion to amend." *Id.*  The party opposing amendment holds the burden to demonstrate futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

A magistrate judge's jurisdiction to enter an order, rather than to issue recommendations to the district court, is dependent on whether the matter before that magistrate judge is

James C. Mahan
U.S. District Judge

- 2 -

1  characterized as dispositive or non-dispositive of a claim or defense of a party. See 28 U.S.C. §

2  636(b)(1); *see also* Fed. R. Civ. P. 72.

3      Generally, a motion for leave to amend the pleadings is considered non-dispositive. *See*

4  *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir. 1985),

5  *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77

6  F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint

7  was properly treated as a non-dispositive motion when the magistrate judge granted the

8  plaintiff's motion).   However, sometimes a motion for leave to amend the pleadings is

9  dispositive, especially when denied; courts are split on the matter. *See JJCO, Inc. v. Isuzu Motors*

10  *America, Inc.*, 2009 WL 3818247 (D. Hawaii 2009) (magistrate judge's order denying leave to

11  amend complaint was non-dispositive); *Gossett v. Stewart*, 2009 WL 3379018 (D. Ariz. 2009)

12  (denial of motion for leave to amend was treated as dispositive because the denial would

13  effectively dismiss four of plaintiff's proposed causes of action).   As a guiding principle, the

14  court must look to the "effect of the motion" to determine whether it is dispositive or non-

15  dispositive of a claim or defense of a party. *United States v. Rivera–Guerrero*, 377 F.3d 1064,

16  1068 (9th Cir. 2004) (internal citations omitted).

17      A magistrate judge's decision on a non-dispositive motion may be reversed only if it is

18  clearly erroneous or contrary to law.  *Grand Canyon Skywalk Dev., LLC v. Cieslak*, No. 2:13-

19  CV-596-JAD-GWF, 2015 WL 1805055, at *2 (D. Nev. Apr. 20, 2015).  But where a magistrate

20  judge's decision is dispositive, the district judge reviews *de novo*.  *Grand Canyon*, 2015 WL

21  1805055, at *2.

22  **III. Discussion**

23      *A.  Standard of Review*

24      This court reviews the magistrate judge's order *de novo*.  Although there is a split in

25  authority on the matter, this court finds that a denial of a motion to amend premised on futility is

26  dispositive.  Indeed, futility requires a finding "beyond doubt that the plaintiff can prove no set

27  of facts in support of his claims which would entitle him to relief."  *Cach*, 2013 WL 5738047, at

28  *2 (citations omitted).  Our circuit has recognized this test as akin to the "the test for a motion to

James C. Mahan
U.S. District Judge

- 3 -

dismiss under Federal Rule of Civil Procedure 12(b)(6)."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Upon examining defendants' proposed amendment, the court weighed in on the pleadings and barred defendants from bringing their proposed claims as to a set of facts. In doing so, this court disposed of those claims; the effect of that action is dispositive.

> *B. Denial of Motion for Leave to Amend*

Having reviewed the matter *de novo*, this court affirms the magistrate judge's conclusion in full.

For its fraud-related counterclaims, the defendant plainly alleges two distinct instances of fraud: one involving plaintiff's representation that it would obtain a bond, and the other involving plaintiff's representations regarding the start and completion dates of the contracted project.  (ECF No. 35-1).

Under Federal Rule of Civil Procedure 9(b), claims for common law fraud require a party to plead with particularity "the circumstances constituting fraud" as well as "[m]alice, intent, knowledge, and other conditions of a person's mind."  The Fifth Circuit, like the Ninth Circuit, interprets 9(b)'s particularity requirement as mandating that the pleading party "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Tech. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  In other words, the pleading must include the who, what, when, where, and how of the alleged fraud.  *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (*citing Vess*, 317 F.3d at 1106); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F. 3d, 899, 903 (5th Cir. 1997) (citation omitted).

The proposed amended complaint alleges the following facts as to the start and completion dates:

- Specific email exchanges demonstrate plaintiff's representation that it would start the project no later than December, (ECF No. 35-1);
- In late October 2017, plaintiff sought agreement to a "worse [sic] case" start date of January 8, 2018, which Sayers rejected, (*id.*);

- Plaintiff's failure to start the project in December 2017 allegedly supports the conclusion that "[p]laintiff never had any intention of doing so," which is further supported by plaintiff's proposed worst case scenario start date of January 8, 2018, (*id.*);

- Plaintiff's representations to Sayers were made to "induce Sayers into entering [into] the [a]greement with" plaintiff, (*id.*);

- There were specific email exchanges about plaintiff completing the project by May 31, 2018, (*id.*);

- Plaintiff's representations regarding the completion date was material to Sayers when deciding to enter into the agreement, (*id.*);

- The agreement says plaintiff will complete its work no later than July 20, 2018, (*id.*);

- "[C]ontrary to its representations to Sayers during the bidding process, . . . [plaintiff] failed to mobilize on the Project in December 2017, and failed to complete its work on the Project by the end of April or May 2018. And contrary to its obligations in the Agreement's Project Schedule, [plaintiff] failed to mobilize on the Project by December 4, 2017, and failed to complete its work on the Project by July 20, 2018." (*Id.*).

Defendant's proposed pleadings fail "to *explain* why the statements" alleged to be fraudulent were, in fact, fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). The proposed amended pleadings state only the element of plaintiff's intent in a conclusory manner. (ECF No. 35). The plaintiff's actions and failures to act, alleged above, simply do not allow a reasonable inference regarding intent behind plaintiff's representations. The proposed amended complaint's claims of fraud regarding start and completion date are futile.

In light of the impending amendments to defendants' counterclaims, this court also denies plaintiff' motion to dismiss as moot.

**Conclusion**

Accordingly,

IT IS HEREBY ORDERED ADJUDGED DECREED that defendant's objection/appeal to the district court from the magistrate judge's order granting in part and denying in part

James C. Mahan
U.S. District Judge

defendant's motion for leave to file an amended counterclaim (ECF No. 44) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss defendants' counterclaims (ECF No. 30) be, and the same hereby is, DENIED as moot.

DATED July 6, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -