1  D.Creighton Sebra, Esq. (admitted pro hac vice)
   CLARK HILL PLLC
2  1055 West Seventh Street, 24th Floor
3  Los Angeles, California 90017
   Ph. (213) 891-9100; fax (213) 488-1178
4  Email: CSebra@ClarkHill.com

5
   Bert Wuester Jr., Esq. (NSBN 5556)
6  CLARK HILL, PLLC
   3800 Howard Hughes Parkway, Suite 500
7  Las Vegas, Nevada 89169
   Ph. (702) 862-8300; fax (702) 862-8400
8  Email: bwuester@clarkhill.com
9  Attorneys for Use-Plaintiff

10              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
11

12  UNITED STATES OF AMERICA, For the
    Use and Benefit of SOURCE HELICOPTERS,
13  DIVISION OF ROGERS HELICOPTERS,          Case No. **2:19-CV-01602-JCM-EJY**
    INC., a California corporation,
14

15        Plaintiff,
                                             **USE-PLAINTIFF'S**
16        vs.                                **ANSWER**
                                             **TO**
17  SAYERS CONSTRUCTION, LLC, a Texas        **SAYERS CONSTRUCTION, LLC'S**
18  limited liability company PHILADELPHIA   **AMENDED COUNTERCLAIM**
    INDEMNITY INSURANCE COMPANY, a
19  PENNSYLVANIA corporation; and DOES I-V
    and ROE CORPORATIONS I-V,
20

21        Defendants.

22        Use-Plaintiff, Source Helicopters, Division of Rogers Helicopters, Inc. (herein after

23  "Use-Plaintiff," "Rogers Helicopters," or "Rogers"), by and through its attorneys, hereby

24  submits its Answer to Sayers Construction, LLC's ("Sayers"), Amended Counterclaim as

25
    contained in the *Defendant and Counterclaim-Plaintiff Sayers Construction, LLC's Amended*
26

27
                              Page   1   of   18
28

*Answer, Affirmative Defenses, and Amended Counterclaim* filed November 9, 2020 (ECF No. 51) and which was refiled on November 11, 2020 (ECF No. 53).

Unless expressly stated otherwise, Rogers denies each and every allegation in the Amended Counterclaim, including any allegations in any unnumbered and numbered paragraphs, titles, headings, subheadings, footnotes, exhibits, characterization of documents, and specifically denies any liability to Sayers. To the extent not expressly denied, all allegations for which Rogers denies possessing knowledge or information sufficient to form a belief are denied. Rogers reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## SUBJECT MATTER JURISDICTION

1. In answering Paragraph 1 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

## VENUE

2. In answering Paragraph 2 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

## PARTIES

3. In answering Paragraph 3 of Sayers' Amended Counterclaim, Rogers admits Sayers is a limited liability company organized and existing under the laws o the State of Texas, but is

without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remainder of the allegations contained therein and accordingly, denies them.

4. In answering Paragraph 4 of Sayers' Amended Counterclaim, Rogers admits the allegations therein.

## PERSONAL JURISDICTION

5. In answering Paragraph 5 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

## FACTUAL BACKGROUND

6. In answering Paragraph 6 of Sayers' Amended Counterclaim, Rogers admits on or about November 1, 2017, Rogers entered into a written contract (having a caption of "Agreement Between Contractor and Subcontractor" which is hereinafter referred to as the "Subcontract") with Sayers, under which Rogers agreed to perform certain work and provide certain labor, equipment and materials required for the Project.

7. In answering Paragraph 7 of Sayers' Amended Counterclaim, Rogers admits prior to entering into the Subcontract it submitted a bid to Sayers for the work related to the Project. The bid to Sayers specifically indicates that proposal does not include the price of the bond. Paragraph 7 of Sayers' Amended Counterclaim refers to a document[1] that speaks for itself, and

---

[1] As used by Rogers in this Answer, "document" and/or "documents" include, without limitation, writings, recordings, photographs, emails, and electronically stored information, as well as all

Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations without reviewing the documents referenced in Paragraph 7; such allegations are, therefore, deemed to be denied.

8. In answering Paragraph 8 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the documents referenced in Paragraph 8; such allegations are, therefore, deemed to be denied.

9. In answering Paragraph 9 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the documents referenced in Paragraph 9; such allegations are, therefore, deemed to be denied.

10. In answering Paragraph 10 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth

other sources used in support of each allegation.

of the allegations without reviewing the document referenced in Paragraph 10; such allegations are, therefore, deemed to be denied.

11.  In answering Paragraph 11 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

12.  In answering Paragraph 12 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the document referenced in Paragraph 12; such allegations are, therefore, deemed to be denied.  In addition, on July 6, 2020, the Court ordered Sayers' cause of action for fraud as to the alleged project delays are dismissed (see Order, ECF No. 48[2]), thus these allegations in Paragraph 12 are contrary to the Court's ruling, irrelevant, and should be stricken by the Court.

13.  In answering Paragraph 13 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the document referenced in Paragraph 13; such allegations are, therefore, deemed to be denied.  In addition, on July 6, 2020, the Court ordered Sayers' cause of action for fraud as to the alleged project delays are dismissed (see Order, ECF No. 48),

---

[2] See Magistrate Judge's Order (ECF No. 43) which was upheld via the District Court's Order (ECF No. 48).

thus these allegations in Paragraph 13 are contrary to the Court's ruling, irrelevant, and should be stricken by the Court.

14. In answering Paragraph 14 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the document referenced in Paragraph 14; such allegations are, therefore, deemed to be denied.

15. In answering Paragraph 15 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the document referenced in Paragraph 15; such allegations are, therefore, deemed to be denied.

16. In answering Paragraph 16 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speak for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations without reviewing the document referenced in Paragraph 16; such allegations are, therefore, deemed to be denied.

17.     In answering Paragraph 17 of Sayers' Amended Counterclaim, Rogers denies making any misrepresentations to Sayers and denies that the schedule had any impact on whether Sayers would have entered into a contract with Rogers. Rogers further alleges that safety was WAPA's primary focus with completing the scope of work for the Project. Operating a helicopter to replace and install spacers is very dangerous and must be performed utilizing the strictest safety protocols.  Thus any weather condition, such as wind, rain, fog, or other inclement weather resulting in the grounding of the helicopter.

18.     In answering Paragraph 18 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof. Sayers acknowledged and agreed to modify the baseline schedule and the commencement date and the completion date were modified.  Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 18; such allegations are, therefore, deemed to be denied.

19.     Rogers denies that it had underbid the work. Sayers' allegations concerning the bond in this paragraph are without merit and, therefore, denied as Sayers accepted a deductive change order in the amount of $98,000 for the bond. Rogers denies that the Project was not completed on time as Sayers acknowledged and agreed to modify the baseline schedule, including modifying the commencement date and the completion date.  In addition, the project schedule was mutually modified due to weather conditions, such as wind, rain, fog, or other inclement weather resulting in the grounding of helicopters.  In addition, the FAA also regulates when

helicopters can fly and the procedures that can be utilized for long-line operations utilizing a helicopter. During the summer of 2018, the FAA implemented a nationwide grounding of the hook utilized by the helicopters. Therefore, based on the foregoing, Rogers denies the allegations in paragraph 19.

20. In answering Paragraph 20 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

### COUNT I
**(Common-Law Fraud/Fraudulent Inducement)**

21. In answering Paragraph 21 of Sayers' Amended Counterclaim, Rogers repeats, realleges and incorporates its answer to Paragraphs 1 through 20 of Sayers' Amended Counterclaim as though fully set forth herein.

22. In answering Paragraph 22 of Sayers' Amended Counterclaim, Rogers denies the allegations in the first sentence of Paragraph 22. The remainder of allegations of Paragraph 22 of Sayers' Amended Counterclaim refer to a document that speaks for itself, and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22; such allegations are, therefore, deemed to be denied.

23. In answering Paragraph 23 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof.

Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23; such allegations are, therefore, deemed to be denied.

24.     In answering Paragraph 24 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24; such allegations are, therefore, deemed to be denied.

25.     In answering Paragraph 25 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

26.     In answering Paragraph 26 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

27.     In answering Paragraph 27 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

28.     In answering Paragraph 28 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

29. In answering Paragraph 29 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

30. In answering Paragraph 30 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

31. In answering Paragraph 31 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

32. In answering Paragraph 32 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

33. In answering Paragraph 33 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

**COUNT II**
**(Statutory Fraud Pursuant to Section 27.01 of the Texas Business and Commerce Code)**

34. In answering Paragraph 34 of Sayers' Amended Counterclaim, Rogers repeats, realleges and incorporates its answer to Paragraphs 1 through 33 of Sayers' Amended Counterclaim as though fully set forth herein.

35. In answering Paragraph 35 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

36. In answering Paragraph 36 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36; such allegations are, therefore, deemed to be denied.

37. In answering Paragraph 37 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37; such allegations are, therefore, deemed to be denied.

38. In answering Paragraph 38 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof. Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38; such allegations are, therefore, deemed to be denied.

39. In answering Paragraph 39 of Sayers' Amended Counterclaim, the allegations therein refer to documents that speaks for themselves and Rogers denies any characterizations thereof.

Rogers is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39; such allegations are, therefore, deemed to be denied.

40. In answering Paragraph 40 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

41. In answering Paragraph 41 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

42. In answering Paragraph 42 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

43. In answering Paragraph 43 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

44. In answering Paragraph 44 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

45. In answering Paragraph 45 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

46. In answering Paragraph 46 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

47. In answering Paragraph 47 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

48. In answering Paragraph 48 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

## COUNT III
### (Breach of Contract)

49. In answering Paragraph 49 of Sayers' Amended Counterclaim, Rogers repeats, realleges and incorporates its answer to Paragraphs 1 through 48 of Sayers' Amended Counterclaim as though fully set forth herein.

50. In answering Paragraph 50 of Sayers' Amended Counterclaim, to the extent the "Agreement" referenced therein is in reference to the written contract (having a caption of "Agreement Between Contractor and Subcontractor" which is hereinafter referred to as the "Subcontract") Rogers entered into with Sayers on or about November 1, 2017, under which Rogers agreed to perform certain work and provide certain labor, equipment and materials required for the Project under the Prime Contract, Rogers admits same is valid and enforceable.

51. In answering Paragraph 51 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

52. In answering Paragraph 52 of Sayers' Amended Counterclaim, Rogers is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of such allegations contained therein and accordingly, denies them.

53. In answering Paragraph 53 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

54. In answering Paragraph 54 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

55. In answering Paragraph 55 of Sayers' Amended Counterclaim, Rogers denies the allegations therein.

**AFFIRMATIVE DEFENSES**

1. The Amended Counterclaim, and each allegation therein, fails to state a claim upon which relief can be granted.

2. The Amended Counterclaim is barred by the principles of waiver and/or estoppel.

3. The Amended Counterclaim, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b), and all such allegations should accordingly be dismissed.

4. The Amended Counterclaim, and each allegation of fraud and misrepresentation therein, fails because each such allegation is based on statements relating to future contractual promises, and not on statements relating to a past or existing fact.

5. The Amended Counterclaim, and each allegation of fraud and misrepresentation therein, fails insofar as it relies on parol evidence not incorporated into the controlling written agreement.

6. Any recovery by Sayers is barred by its own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Sayers alleges.

7. Sayers' right to recovery, if any, must be offset by its failure to reasonably mitigate its alleged losses.

8. Sayers' right to recovery, if any, is precluded and subject to Subcontract provisions, including the waiver of consequential damages provision of the Subcontract found at paragraph 10.1.

9. The imposition of punitive or exemplary damages in this case would violate Rogers' rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and would violate the public policy and law of the State of Texas and/or Nevada.

10. The imposition of punitive or exemplary damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

11. The Amended Counterclaim fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Rogers nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to Sayers.

12. Rogers reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate. Rogers further reserves the right to amend its Answer or otherwise plead in response to Sayers' Amended Counterclaim, and to file such other Motions as it may deem advisable in defense of the Amended Counterclaim or as warranted by information adduced through the discovery process.

WHEREFORE, having answered Sayers' Amended Counterclaim (ECF Nos. 51 and 53) and set forth its affirmative defenses thereto, Rogers respectfully requests that this Court:

1.    Order that Sayers take nothing by its Amended Counterclaim;

2.    Dismiss the Amended Counterclaim with prejudice;

3.    Award Rogers its reasonable costs and attorneys' fees; and

4.    Grant such other and further relief as the Court deems appropriate.

Respectfully submitted this  23  day of   November  , 2020

**CLARK HILL PLLC**

By /s/ Bert Wuester Jr.
Creighton Sebra, Esq. (admitted pro hac vice)
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq. (NSBN 5556)
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of November, 2020, I served the foregoing **USE-PLAINTIFF'S ANSWER TO SAYERS CONSTRUCTION, LLC'S AMENDED COUNTERCLAIM** as follows**:**

___  by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

**_X_**  via electronic service by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk, including the following:

___  by electronic service (i.e., email) per agreement between the attorneys for the parties to the email addresses below:

| | |
|---|---|
| Kurt C. Faux, Esq.<br>Willi H. Siepmann, Esq.<br>Jordan F. Faux, Esq.<br>The Faux Law Group<br>2625 North Green Valley Parkway, #100<br>Henderson, Nevada 89014<br>(Attorneys for Philadelphia Indemnity Insurance Company)<br>**Email: kfaux@fauxlaw.com**<br>**Email: wsiepmann@fauxlaw.com**<br>**Email: jfaux@fauxlaw.com** | Maeghan Whitehead, Esq.<br>Casey Griffith, Esq.<br>Michael Barbee, Esq.<br>Griffith Barbee PLLC<br>1722 Routh St., Ste. 710<br>Dallas, Texas 75201<br>(Attorneys for Sayers Construction, LLC)<br>**Email: maeghan.whitehead@griffithbarbee.com**<br>**Email: casey.griffith@griffithbarbee.com**<br>**Email: michael.barbee@griffithbarbee.com** |
| David E. Zerhusen, Esq.<br>Cozen O'Connor<br>3753 Howard Hughes Pkwy, Suite 200<br>Las Vegas, Nevada 89169<br>(Attorneys for Sayers Construction, LLC)<br>**Email: dzerhusen@cozen.com** | Amy B. Alderfer<br>Cozen O'Connor<br>1299 Ocean Ave, Suite 900<br>Santa Monica, California 90401<br>(Attorneys for Sayers Construction, LLC)<br>**Email: aalderfer@cozen.com** |

By /s// *Phyllis L. Cameron*
   Employee of Clark Hill, PLLC

261333486.2  390788