Creighton Sebra, Esq. (admitted pro hac vice)
CLARK HILL PLLC
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of SOURCE HELICOPTERS, DIVISION OF ROGERS HELICOPTERS, INC., a California corporation, | Case No.: **2:19-cv-01602-JCM-EJY** |
| Plaintiff, | **EMERGENCY MOTION FOR ORDER ALLOWING CERTAIN DEPOSITIONS TO BE TAKEN** |
| vs. | |
| SAYERS CONSTRUCTION, LLC, a Texas limited liability company PHILADELPHIA INDEMNITY INSURANCE COMPANY, a PENNSYLVANIA corporation; and DOES I-V and ROE CORPORATIONS I-V, | |
| Defendants. | |

Source Helicopters, Division of Rogers Helicopters, Inc. ("Rogers" or "Plaintiff"), Use-Plaintiff, by and though counsel, hereby submits, pursuant to LR 7-4 and LR 26-6(d) (see required declaration below), its Emergency Motion for an Order allowing certain depositions to be taken. More specifically, as noted below, Rogers and Defendant, Sayers Construction LLC

("Sayers") met and conferred on March 2, 2021, to discuss Rogers' desire to take the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen. The parties, however, were not able to reach an agreement. Hence, this Emergency Motion.

This Emergency Motion is made and based on the papers and pleadings on file herein, the following points and authorities, and any oral argument the Court may allow.

**<u>DECLARATION OF COUNSEL, PURSUANT TO LR 7-4 and LR 26-6</u>**

I, D. Creighton Sebra, Esq., declare under the penalty of perjury of the laws of the State of Nevada that the following is true and correct.  <u>See</u> NRS 53.045[1]

1.      I am an attorney duly licensed to practice law in the State of California and in this case, pursuant to pro hac vice. I represent Rogers.

2.      That, except where stated on information and belief, affiant has personal knowledge of the facts and circumstances set forth herein.

3.      The office address, telephone number, and fax number of the moving party's counsel is as follows:

Creighton Sebra, Esq. (admitted pro hac vice)
CLARK HILL PLLC
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

---

[1] NRS 53.045 provides that declarations may be used in place of affidavits.  In part, NRS 53.045 provides: "Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury,...." <u>See also</u> <u>Buckwalter M.D. v. Eighth Judicial Dist. Ct.</u>, 234 P.3d 920 (Nev. 2010).

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

4.     The office address, telephone number, and fax number, for opposing party's counsel, (Maeghan Whitehead, Esq., in particular with whom this office has been dealing with on this case), is as follows:

GRIFFITH BARBEE, PLLC
Casey Griffith, Esq. (pro hac vice)
Michael Barbee, Esq. (pro hac vice)
Maeghan Whitehead, Esq. (pro hac vice)
One Arts Plaza
1722 Routh Street, Suite 710
Dallas, Texas 75201
Ph. (214) 446-6020; fax (214) 446-6021
Email: casey.griffith@griffithbarbee.com
Email: michael.barbee@griffithbarbee.com
Email: maeghan.whitehead@grffithbarbee.com

Karl O. Riley, Esq. (NSBN 12077)
Cozen O'Connor
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Ph. (702) 470-2330; fax (702) 470-2370
Email: koriley@cozen.com
Attorneys for Defendant, Sayers Construction, LLC

THE FAUX LAW GROUP
Kurt C. Faux, Esq.
Kurt C. Faux, Esq. (NSBN 3407)
Willi H. Siepmann, Esq. (NSBN 2478)
Jordan F. Faux, Esq. (NSBN 12205)
2625 North Green Valley Parkway, #100
Henderson, Nevada 89014
Ph.(702) 458-5790; Fax: (702) 458-5794
Email: kfaux@fauxlaw.com
Attorneys for Philadelphia Indemnity Insurance Company

5.      Pursuant to LR 7-4(a)(3), declarant hereby certifies that after participation in the meet-and-confer process to resolve the dispute, the declarant and  Maeghan Whitehead, Esq. on behalf of Defendant, Sayers Construction, LLC ("Sayers"), were unable to resolve the matter without court action. In addition to exchanging emails (see further discussion below) addressing the issues raised in this Emergency Motion, the undersigned and Maeghan Whitehead, Esq. on behalf of Sayers conducted a telephonic meet and confer on March 2, 2021. As to the same, the *Stipulation and Order to Extend Deadlines of the Stipulated Discovery Plan and Scheduling Order (Fifth Request)* filed March 4, 2021 (doc. 60) ("Fifth Extension to Discovery Plan") provides as follows at page 5,  footnote 2:

> It is also noted that Rogers and Sayers met and conferred on  March 2, 2021, to discuss Rogers' desire to take the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen. The parties, however, were not able to reach an agreement and so Rogers will be filing a motion regarding the same.

Id., at 5:24-26, fn. 2.

6.      Pursuant to LR 7-4(a)(3), the other parties to this action (i.e., Sayers and Philadelphia Indemnity Insurance Company ("PIIC")) will be notified of the motion via the court electronic filing/service system when same is e-filed/e-served. See also certificate of service below.

7.      Finally, it is requested this Motion be heard on an emergency basis.  This request is based upon, in part, the fact that deposition discovery is presently set to close on Friday, April 23, 2021. See Fifth Extension to Discovery Plan, at 6:15-16.

8.      As noted above, I have also addressed the issue with Sayers' attorney via email. For example, on February 25, 2021, I sent Sayers' attorney, Maeghan Whitehead, Esq., an email which, in part, provides as follow regarding Rogers' justifications for seeking the at-issue depositions:

> Based on your email below, it is my understanding that you are not willing to produce the following witnesses:
>
> • J. Cagle
> • Roger Philips
> • Jenifer Sayers
> • R. Schmidt
> • Marcus Wiloughby
> • S. Wallen

Rogers position is that the general ledgers were not provided until November 2020, and the information regarding the importance of the personnel was not learned until the recent deposition of Sayers.  We have reviewed the general ledgers on this Project and there are serious inconsistencies and one of the primary issues of concern is the amount of labor that Sayers in contending in the alleged back charge and the whether each employee is being charge their entire salary or a portion thereof.  Mr. Sayers was evasive about the total amount that he made or claim he could not recall and as we all know and should recognize Mr. Sayers did not devout a 100% of his time to the Mead-Perkins project.  Based on the fact that no other back-up supporting documents related to the labor that was charged, i.e. work performed, the percentage of work for that pay period each employee devoted to the Project, the amount of each employees' payroll.  As it stands it appears that each employee payroll was 100% charged to the Mead-Perkins project and thus the only was to secured this information is via a deposition to question each witness as the percentage of time they devoted to the Project.

As an example, Mr. Sayers testified that Jack Ryan devoted nearly all of time to the Mead-Perkins project.  However, Mr. Ryan testified that he worked very little on the Mead Perkins Project.

Therefore, these deposition are necessary and relevant to Sayers' claims.  If you are not willing compromise or provide some alternative, then we will have no other choice but to file a motion.  If we do not hear from you by close of business Friday February 26, we will assume you have no further interest is seeking a compromise and will move forward with a motion.

Id.

9.     Wherefore, based on the above, Rogers submits this Motion and requests that it be deemed an "Emergency" Motion in light the current deadline for depositions.

FURTHER, DECLARANT SAYETH NAUGHT.

By /s/ *D. Creighton Sebra* this 25 day of March 2021.
**D. Creighton Sebra, Esq.**

**POINTS & AUTHORITIES**

**I.**
**RELIEF SOUGHT**

Rogers seeks an Order allowing for the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen.

**II.**
**DISCUSSION**

Rogers desires to take the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen. Rogers (without any objection from PIIC) initially sought to include these deponents in the most Fifth Extension to Discovery Plan. Sayers objected. As to its objection, Sayers' attorney, Maeghan Whitehead, Esq. in a February 23, 2021, email to Rogers' attorney, D. Creighton Sebra, Esq., stated, in part:

> When we spoke on February 8, 2021, we specifically discussed and agreed to reschedule Rogers' 30(b)(6) deposition (R. Rogers and D. Nisbett), Mark Sayers as an expert, and Ted Scott as an expert. My email below memorializes that discussion. We never discussed your taking 6 additional depositions. If you want to request those with the Court, that can be done in a motion – but we do not agree that those depositions are appropriate and will not be stipulating to those.

Id., 2-23-2021 email from Sayers' attorney.

Rogers' attorney, in a February 25, 2021, email, addressed Sayers' contentions regarding the at-issue 6 depositions and further discussed Rogers' justifications for seeking the depositions:

> Based on your email below, it is my understanding that you are not willing to produce the following witnesses:
>
> •      J. Cagle

- Roger Philips
- Jenifer Sayers
- R. Schmidt
- Marcus Wiloughby
- S. Wallen

Rogers position is that the general ledgers were not provided until November 2020, and the information regarding the importance of the personnel was not learned until the recent deposition of Sayers.   We have reviewed the general ledgers on this Project and there are serious inconsistencies and one of the primary issues of concern is the amount of labor that Sayers in contending in the alleged back charge and the whether each employee is being charge their entire salary or a portion thereof.  Mr. Sayers was evasive about the total amount that he made or claim he could not recall and as we all know and should recognize Mr. Sayers did not devout a 100% of his time to the Mead-Perkins project.  Based on the fact that no other back-up supporting documents related to the labor that was charged, i.e. work performed, the percentage of work for that pay period each employee devoted to the Project, the amount of each employees' payroll.  As it stands it appears that each employee payroll was 100% charged to the Mead-Perkins project and thus the only was to secured this information is via a deposition to question each witness as the percentage of time they devoted to the Project.

As an example, Mr. Sayers testified that Jack Ryan devoted nearly all of time to the Mead-Perkins project.  However, Mr. Ryan testified that he worked very little on the Mead Perkins Project.

Therefore, these deposition are necessary and relevant to Sayers' claims.  If you are not willing compromise or provide some alternative, then we will have no other choice but to file a motion.  If we do not hear from you by close of business Friday February 26, we will assume you have no further interest is seeking a compromise and will move forward with a motion.

Id., 2-25-2021 email from Rogers' attorney.

Rogers and Sayers were unable to resolve the issue, even after a March 2, 2021, phone conference. See discussion above.  Sayers' objection and the dispute was referenced at page 5, footnote 2 of the Fifth Extension of Discovery Plan:

It is also noted that Rogers and Sayers met and conferred on  March 2, 2021, to discuss Rogers' desire to take the depositions of the following employees or

former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen. The parties, however, were not able to reach an agreement and so Rogers will be filing a motion regarding the same.

Id., Fifth Extension of Discovery Plan, at 5:24-26, fn. 2.

Based on the above, this Motion became necessary.

As noted above, it appears that Sayers' primary, if not sole, justification for refusing to agree to the at-issue 6 depositions is that same were not specifically noted or commented upon by Rogers' attorney during a February 8, 2021, discussion about other depositions, rescheduling of same, and the need for an extension of then current deadline for depositions. It is respectfully submitted that a failure to raise the issue at a February 8, 2021, phone conference should not be deemed to be a waiver to take the depositions.  This is all the more true in light of the above discussion concerning why and when it became known that these employees and/or former employees might have relevant testimony, i.e., after Mr. Sayers' deposition and after Jack Ryan's deposition on January 25, 2021. Mr. Ryan's testimony conflicted with Mr. Sayers.

Rogers is unaware of any legitimate basis to preclude the depositions. See FRCP 1[2], 26[3],

_____

[2] FRCP 1 provides, in part, that the Federal Rues of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

[3] FRCP 26(b)(1) provides:
(b) Discovery Scope and Limits.
(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

and 30[4].  There is no legitimate reason for any motion to quash, protective order, or to somehow

preclude their depositions. It appears that the only issue Sayers is relying upon is timing.  As

addressed above, the current deadline for depositions is April 23, 2021.  Rogers seeks an order

allowing the depositions so that it can undertake efforts to take the depositions as soon as

possible.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

---

[4] FRCP 30(a) provides:
(a) When a Deposition May Be Taken.
    (1) Without Leave. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
    (2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
        (A) if the parties have not stipulated to the deposition and:
            (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
            (ii) the deponent has already been deposed in the case; or
            (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
        (B) if the deponent is confined in prison.

**III.**
**CONCLUSION**

Based on the foregoing, it is respectfully requested the Court issue an Order allowing for the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen.

Respectfully submitted this 25 day of March, 2021.

**Clark Hill, PLLC**

By /s/ *Bert Wuester Jr.*
Creighton Sebra, Esq. (pro hac vice)
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Clark Hill, PLLC, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within aboveentitled action. I am an employee of Clark Hill, PLLC., in Las Vegas, Nevada,

On the date noted below, I caused to be served the within document, **EMERGENCY MOTION FOR ORDER ALLOWING CERTAIN DEPOSITIONS TO BE TAKEN** on the parties in said action addressed as follows:

____ [By Mail] I am familiar with my employer's practice for the collection and processing of correspondence formailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioneddocument(s) on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices at Las Vegas, Nevada, addressed as set forth above.

____ [By Personal Service] By causing a true copy to be personally delivered thereof to the office of the addressee above.

____ [By Overnight Courier] By causing a true copy thereof to be personally delivered via the following overnight courier service:

__X__ [By Electronic Service] By causing a true copy thereof to be delivered electronically through the Court's ECF/PACER filing system,

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed at Las Vegas, Nevada.

By _____ this 25th day of March, 2021.
  Employee of Clark Hill, PLLC

262410003.2  390788