Creighton Sebra, Esq. (admitted pro hac vice)
CLARK HILL PLLC
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use and Benefit of SOURCE HELICOPTERS, DIVISION OF ROGERS HELICOPTERS, INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAYERS CONSTRUCTION, LLC, a Texas limited liability company PHILADELPHIA INDEMNITY INSURANCE COMPANY, a PENNSYLVANIA corporation; and DOES I-V and ROE CORPORATIONS I-V,<br><br>  Defendants. | Case No.: **2:19-cv-01602-JCM-EJY**<br><br>**REPLY**<br>**TO**<br>***DEFENDANT AND COUNTERCLAIM-PLAINTIFF SAYERS CONSTRUCTION, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR ORDER ALLOWING CERTAIN DEPOSITIONS TO BE TAKEN*** |

Source Helicopters, Division of Rogers Helicopters, Inc. ("Rogers" or "Plaintiff"), Use-Plaintiff, by and though counsel, hereby submits its Reply to *Defendant and Counterclaim-Plaintiff Sayers Construction, LLC's Response in Opposition to Plaintiff's Emergency Motion for Order Allowing Certain Depositions to be Taken* ("Opposition") filed April 9, 2021, (doc. 69).

This Reply is made and based on the papers and pleadings on file herein, the underlying Motion[1], the following points and authorities, and any oral argument the Court may allow.

## POINTS & AUTHORITIES

### I.
### SUMMARY

As addressed in its Motion, Rogers seeks an Order allowing for the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen.

### II.
### DISCUSSION

Defendant, Sayers Construction LLC's ("Sayers") Opposition argues the Motion should be denied because Rogers has failed to establish good cause or excusable neglect or satisfy the discovery reopening factors. Id., pgs. 5-8.

Initially, as the Motion demonstrates, it was submitted as an Emergency Motion seeking to have the matter addressed in an expedited basis such that if same were addressed in an expedited basis and the Court were to have granted the Motion, the at issue deposition would then be sought to be taken within the current April 23, 2021, deposition cut-off date. See Motion, pgs. 4, 5. The Court, however, via the Minute Order in Chambers served on March 25, 2021, (doc. 64) advised that it found "the Motion not suited for emergency handling."

Notwithstanding, it is submitted that the Motion, contrary to Sayers' Opposition arguments, demonstrates the good cause or excusable neglect factors are satisfied and/or that the

---

[1] "Motion" refers to the *Emergency Motion for Order Allowing Certain Depositions to be Taken* filed March 25, 2021, (doc. 63).

discovery reopening factors are met such that the Motion should be granted allowing Rogers to take the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen.

Sayers' Opposition cites LR 26-3 which addresses motions made after the expiration of the subject deadline and requires same to address the excusable neglect. See Opposition, pgs. 5-6. Here, however, the at-issue Motion was filed prior to the close of discovery, i.e., the at-issue April 23, 2021, deposition deadline. Thus, it is submitted the "excusable neglect" factor is inapplicable here.

To the extent the Motion is to be considered a request to reopen discovery (as argued in the Opposition at pgs. 6, 7-8), the factors addressed in Mendoza v. Amalgamated Transit Union Int'l, No. 18-cv-00959, 2019 WL 9100188 (D. Nev. June 24, 2019), weigh in favor of Rogers and a granting of the Motion. Likewise, the same demonstrates that Rogers has met the good cause factor, pursuant to LR 26-3, to warrant the granting of the Motion.

The Mendoza factors and discussion of same are as follows.

**FACTOR 1.  trial is imminent.**  This factors weighs in favor of Rogers as there is no trial setting.  Currently, as addressed in the Motion and Opposition, there is an April 23, 2021, discovery deposition deadline.

**FACTOR 2.  the request is opposed.**  Defendant, Philadelphia Indemnity Insurance Company ("PIIC"), did not oppose the Motion. Sayers did.  As only half (1/2) the defendants oppose the Motion, this factor is a proverbial wash.

**FACTOR 3.  prejudice exists as to the non-moving parties.**  PIIC did not oppose the Motion and has raised on argument of prejudice. Sayers did oppose the Motion but their

Opposition fails to address or analyze any alleged prejudice it may suffer if the Motion is granted. Thus, based upon the lack of any discussion by Sayers' Opposition, there is no prejudice to Sayers, the only party who filed an Opposition. This factors weighs in favor of Rogers.

**FACTOR 4. the moving party was diligent in obtaining discovery within the guidelines established by the court.**

While Sayers' Opposition goes about making argument Rogers was not diligent relative to the request for an order allowing for the six (6) depositions of Sayers' employees or ex-employees, it is submitted that the underlying facts and timeline of events concerning the same demonstrate Rogers was diligent. As more fully addressed in the Motion, Rogers (without any objection from PIIC) initially sought to include these deponents in the most recent Fifth Extension to Discovery Plan. Sayers objected. As to its objection, Sayers' attorney, Maeghan Whitehead, Esq. in a February 23, 2021, email to Rogers' attorney, D. Creighton Sebra, Esq., stated, in part:

> When we spoke on February 8, 2021, we specifically discussed and agreed to reschedule Rogers' 30(b)(6) deposition (R. Rogers and D. Nisbett), Mark Sayers as an expert, and Ted Scott as an expert. My email below memorializes that discussion. We never discussed your taking 6 additional depositions. If you want to request those with the Court, that can be done in a motion – but we do not agree that those depositions are appropriate and will not be stipulating to those.

Id., 2-23-2021 email from Sayers' attorney.

Rogers' attorney, in a February 25, 2021, email, addressed Sayers' contentions regarding the at-issue six (6) depositions and further discussed Rogers' justifications for seeking the depositions:

> Based on your email below, it is my understanding that you are not willing to

Page 4 of 9

> produce the following witnesses:
>
> • J. Cagle
> • Roger Philips
> • Jenifer Sayers
> • R. Schmidt
> • Marcus Wiloughby
> • S. Wallen
>
> Rogers position is that the general ledgers were not provided until November 2020, and the information regarding the importance of the personnel was not learned until the recent deposition of Sayers. We have reviewed the general ledgers on this Project and there are serious inconsistencies and one of the primary issues of concern is the amount of labor that Sayers in contending in the alleged back charge and the whether each employee is being charge their entire salary or a portion thereof. Mr. Sayers was evasive about the total amount that he made or claim he could not recall and as we all know and should recognize Mr. Sayers did not devout a 100% of his time to the Mead-Perkins project. Based on the fact that no other back-up supporting documents related to the labor that was charged, i.e. work performed, the percentage of work for that pay period each employee devoted to the Project, the amount of each employees' payroll. As it stands it appears that each employee payroll was 100% charged to the Mead-Perkins project and thus the only was to secured this information is via a deposition to question each witness as the percentage of time they devoted to the Project.
>
> As an example, Mr. Sayers testified that Jack Ryan devoted nearly all of time to the Mead-Perkins project. However, Mr. Ryan testified that he worked very little on the Mead Perkins Project.
>
> Therefore, these deposition are necessary and relevant to Sayers' claims. If you are not willing compromise or provide some alternative, then we will have no other choice but to file a motion. If we do not hear from you by close of business Friday February 26, we will assume you have no further interest is seeking a compromise and will move forward with a motion.

Id., 2-25-2021 email from Rogers' attorney.

As noted above, it appears that Sayers' primary, if not sole, justification for refusing to agree to the at-issue 6 depositions is that same were not specifically noted or commented upon by Rogers' attorney during a February 8, 2021, discussion about other depositions, rescheduling

of same, and the need for an extension of then current deadline for depositions. Also, in light of the above discussion concerning why and when it became known that these employees and/or former employees might have relevant testimony, i.e., after Mr. Sayers' deposition and after Jack Ryan's deposition on January 25, 2021. Mr. Ryan's testimony conflicted with Mr. Sayers.  Thus, it is submitted Rogers has been diligent, especially in light of the timing of the conflicting above-referenced deposition testimony.  This factor too weighs in favor of Rogers.

**FACTOR 5.  it is foreseeable that the additional discovery is necessary in light to the time allowed for discovery by the district court.**

As best as this factor is understood and its applicability here, it is submitted that the underlying facts supporting the request for the six deposition demonstrate it is/was foreseeable to expect this additional discovery and same will lead to relevant evidence, as addressed in factor 6 below.

**FACTOR 6.  the discovery will lead to relevant evidence.**  This factors weighs in favor of Rogers. See discussion about regarding the requested deposition of the six (6) Sayers' employees and/or ex-employees to address the extent they worked on the Project which may be inconsistent with Mr. Sayers' deposition testimony and/or Sayers' document, as was revealed in the case of Mr. Ryan's deposition testimony. Sayers' Opposition, as best as can be determined, does not address this factor.

It is therefore submitted that Rogers no only satisfies the factors for a request for reopening discovery (i.e., to allow for the six at-issue depositions), but that the same also demonstrates good cause for the granting of the Motion, pursuant to LR 26-3. In keeping with Sayers' Opposition and the above, it is also requested that the Court set-forth a deadline by

which said depositions are required to be completed. Rogers suggests a month's time.

Lastly, at page 8 of its Opposition, Sayers requests that if discovery is reopened, Rogers only be allowed to seek information via written interrogatories. Sayers argues the depositions would be overkill. Id. Sayers' request should be denied. Written interrogatories can only be directed to a party. FRCP 33(a)(1). The six intended deponents are not named parties. For this simple fact alone, the request should be denied as interrogatories are inapplicable in this situation. The six intended depositions seek information from non-parties who, if like Mr. Ryan's deposition testimony, will not be consistent with Sayers' records and/or Mr. Sayers' deposition testimony about employee time spent on the Project.

## III.
## CONCLUSION

Based on the foregoing, it is respectfully requested the Court issue an Order allowing for the depositions of the following employees or former employees of Sayers: 1) J Cagle; 2) Roger Philips; 3) Jennifer Sayers; 4) R. Schmidt; 5) Marcus Willoughby; and 6) S. Wallen. In keeping with Sayers' Opposition and the above, it is also requested that the Court set-forth a deadline by which said depositions are required to be completed; Rogers suggests a month's time.

Respectfully submitted this 15th day of April, 2021.

**Clark Hill, PLLC**

By /s/ *Bert Wuester Jr.*
Creighton Sebra, Esq. (pro hac vice)
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
ph. (213) 891-9100; fax (213) 488-1178
Email: CSebra@ClarkHill.com

Bert Wuester Jr., Esq.
CLARK HILL, PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
ph. (702) 862-8300; fax (702) 862-8400
Email: bwuester@clarkhill.com
Attorneys for Use-Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Clark Hill, PLLC, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within aboveentitled action. I am an employee of Clark Hill, PLLC., in Las Vegas, Nevada,

On the date noted below, I caused to be served the within document, **REPLY TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF SAYERS CONSTRUCTION, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR ORDER ALLOWING CERTAIN DEPOSITIONS TO BE TAKEN** on the parties in said action addressed as follows:

____   [By Mail] I am familiar with my employer's practice for the collection and processing of correspondence formailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioneddocument(s) on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices at Las Vegas, Nevada, addressed as set forth above.

____   [By Personal Service] By causing a true copy to be personally delivered thereof to the office of the addressee above.

____   [By Overnight Courier] By causing a true copy thereof to be personally delivered via the following overnight courier service:

  **X**    [By Electronic Service] By causing a true copy thereof to be delivered electronically through the Court's ECF/PACER filing system,

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed at Las Vegas, Nevada.

DATED: this 15th day of April, 2021.

By Phyllis L. Cameron,
    Employee of Clark Hill, PLLC