UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SOURCE HELICOPTERS, DIVISION OF ROGERS HELICOPTERS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SAYERS CONSTRUCTION, LLC, et al., <br><br> Defendant(s). | Case No. 2:19-CV-1602 JCM (EJY) <br><br> ORDER |

Presently before the court are use-plaintiff Source Helicopters, Division of Rogers Helicopters's ("Rogers") motions for summary judgment. (ECF Nos. 73, 74). Defendant and counterclaimant Sayers Construction, LLC ("Sayers") filed a response (ECF No. 85),[1] defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") also filed a response (ECF No. 83), and Rogers filed a reply (ECF No. 90).[2]

Also before the court is Sayers's motion for partial summary judgment. (ECF No. 76). Rogers filed a response (ECF No. 84), to which Sayers replied (ECF No. 91).

Also before the court is Sayers's motion to strike Rogers's motions for summary judgment. (ECF No. 80). Rogers filed a response (ECF No. 86), to which Sayers replied (ECF No. 89).

---

[1] Sayers's response is to both of Rogers's motions.

[2] Rogers's reply is to both Philadelphia Indemnity's and Sayers's responses.

**James C. Mahan**
**U.S. District Judge**

Also before the court is Sayers's motion for leave to file a response in excess of the local page limits. (ECF No. 82). Rogers did not respond, and the time to do so has passed.[3]

## I. Background

In November 2017, Sayers and Rogers executed a subcontract (the "subcontract") for Rogers to perform work for Sayers on a government electrical construction project (the "project"). The subcontract contains a "time is of the essence" clause and a progress schedule which provides that Rogers was required to mobilize on the project no later than December 4, 2017, and complete its work no later than July 20, 2018. Rogers failed to meet both deadlines— it did not mobilize until January 9, 2018, and did not finish until November 20, 2018.

After completing its work, Rogers submitted five invoices to Sayers detailing the costs of the work and requesting payment under the subcontract. Sayers refused to remit payment because Rogers completed its work after the agreed upon dates.

Rogers commenced this action on September 11, 2019, with a complaint alleging two causes of action: breach of contract against Sayers and violation of the Miller Act against Sayers and Philadelphia Indemnity, Sayers's surety on the bond issued for the subcontract pursuant to the Miller Act.

Sayers answered Rogers's complaint on November 14, 2019, and later amended its answer to include three counterclaims for fraudulent inducement, statutory fraud, and breach of contract. Both parties assert affirmative defenses for the breach of contract claims, with Rogers claiming waiver and estoppel and Sayers claiming it was excused from performance due to Rogers's breach.

Both parties now move for summary judgment on those claims and defenses, and Sayers moves to strike Rogers's motions or, in the alternative, for leave to exceed page numbers in responding to the motions.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[3] Accordingly, the court GRANTS Sayers's motion (ECF No. 82). LR 7-2(d).

any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.  Discussion**

A.  Sayers's motion to strike

Sayers seeks to strike Rogers's motions because, taken together, they exceed the local 30-page limit on motions for summary judgment. While the court has previously ruled that separately filed motions are considered together for purposes of page limits when they brief the same claims, Rogers's motions address separate claims.[4] Thus, Rogers has not circumvented the court's local rules by filing these separate motions.

Accordingly, the court DENIES Sayers's motion. (ECF No. 80).

B.  Rogers's and Sayers's motions for summary judgment

While the parties submit three motions for summary judgment, they concern substantially similar issues of fact and law. Both Rogers and Sayers seek summary judgment on Rogers's and Sayers's breach of contract claims and Rogers's Miller Act claim. Sayers seeks summary

---

[4] Rogers's first motion for summary judgment (ECF No. 73) addresses its own claims against defendants for breach of contract and violations of the Miller Act. Rogers's second motion for summary judgment (ECF No. 74) addresses defendant Sayers's counterclaims for fraudulent inducement, statutory fraud, and breach of contract.

James C. Mahan
U.S. District Judge

- 4 -

judgment on Rogers's affirmative defenses of waiver and estoppel and Sayer's affirmative defense of prior material breach. Rogers seeks summary judgment on Sayers's fraudulent inducement and statutory fraud counterclaims.

Therefore, to determine the rights of the parties most efficiently, the court addresses the three motions together.

### 1. *Rogers's and Sayers's dueling breach of contract claims*

Sayers's breach of contract counterclaim and Rogers's breach of contract claim concern the same issues of fact and law. Rogers seeks summary judgment on its claim because Sayers failed to remit payment for the invoices Rogers submitted between November of 2018 and July of 2019. (ECF No. 73 at 18). Sayers admits that it did not remit payment but seeks summary judgment on its counterclaim because Rogers's failure to mobilize on the project by December 4, 2017, and to complete the project by July 20, 2018, constituted material breaches that excused Sayers from its obligation to perform. (ECF No. 76 at 18).

The parties agree on most facts material to the dispute: that there was a valid agreement—the subcontract—for Rogers to work on the project, that Rogers did eventually complete the work it agreed to do, that the subcontract contains a "time is of the essence" clause, and that a progress schedule was attached to the subcontract at the time of execution with the previously mentioned start and finish dates.

The parties disagree as to whether Rogers's failure to start and finish its work according to the progress schedule was a "material" breach of the subcontract, whether Sayers shows any damages from Rogers's breach, and whether Sayers waived or modified Rogers's obligation to strictly adhere to the dates within the progress schedule. Therefore, the court adjudicates all three of the parties' motions by determining whether any genuine issues of material fact exist as to those issues.

### i. Rogers materially breached its obligations under the subcontract's time is of the essence clause by failing to strictly adhere to the progress schedule

Rogers argues that the existence of a time is of the essence clause does not necessarily make any delay a material breach. (ECF No. 84 at 12). It further argues that whether the breach

James C. Mahan
U.S. District Judge

- 5 -

is material is strictly a question of fact and not appropriate for summary judgment. (*Id.*). Sayers argues that this time is of the essence clause was material to the subcontract and that there are no questions of fact preventing a holding that Rogers materially breached the clause. (ECF Nos. 76 at 18–19; 91 at 11–12). The court agrees with Sayers.

The subcontract provides that "[Rogers] shall perform and provide Contract Work for the Project strictly in accordance with the Progress Schedule (Exhibit B) prepared or to be prepared by Contractor after (to the extent practicable) consultation with Subcontractor, and as it may change from time to time ("Progress Schedule")." (ECF No. 75-2 at 3). While the subcontract provides that Rogers "shall revise and update the Progress Schedule, as necessary, as [Rogers's] work progresses," it also provides that Rogers "shall be bound by the Progress Schedule, as revised by [Sayers]." (*Id.* at 5).

Importantly, the subcontract contains a change order clause which provides:

> No adjustment in the Contract Amount, Progress Schedule, or time/schedule of or for performance and completion of Contract Work shall be permitted, except as expressly authorized by a final, fully executed Change Order in a form acceptable to [Sayers], and then only if and to the extent of the part of a final, fully executed change order between [Sayers] and [Rogers] pertaining to the Contract Work.

(*Id.*).

Rogers fails to provide any change orders reflecting that the start and end dates were modified from those reflected by the original progress schedule attached to the contract. The only change order it provides is a change authorization order purporting to change the end date from September 25, 2018, to October 25, 2018. (ECF No. 75-12). Yet, this alleged change order is not signed by any Sayers representative, nor does it explain how the original end date in July had been officially changed to September in the first place.

Accordingly, Rogers's failure to strictly adhere to the progress schedule constituted a breach of its obligation to timely perform under the subcontract's time is of the essence clause. Nevertheless, Rogers argues that its breach was not material, and that Sayers also breached its obligation under the subcontract to remit payment for Rogers's work. Sayers argues that Rogers's breach was material; thus, excusing Sayers from performing. Again, the court agrees with Sayers.

**James C. Mahan**
**U.S. District Judge**

Not all breaches excuse a non-breaching party from performing. *See Mustang Pipeline Co.*, 134 S.W.3d at 196 (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)). Therefore, for Sayers to have properly refused to remit payment for Rogers's invoices, Sayers must show that the time is of the essence clause was material to the subcontract and that Rodgers materially breached the clause; Sayers shows both.[5]

Under the primary contract between Sayers and the United States, Sayers had just one year to complete its work on the project. Accordingly, the subcontract expressly provides—in the third paragraph of the first page—that time was of the essence and that the progress schedule set Rogers's relevant deadlines. Considering its primacy, Rogers could not reasonably misinterpret the clause's inclusion as some ancillary aspiration of Sayers for Rogers to complete its work on a specified date that did not matter to Sayers. Thus, the provision is clearly material and a four-month delay on the completion of Rogers's work is clearly a material breach.

Accordingly, the court GRANTS Sayers's motion for summary judgment as to its affirmative defense of excuse from performance.

### ii.  Sayers establishes the damages element of its counterclaim

Rogers argues that summary judgment is improper for Sayers's breach of contract counterclaim because Sayers fails to establish any damages that it did not waive under the subcontract's waiver of consequential damages clause.

According to Rogers, any delay damages are consequential damages. Yet, Rogers fails to support its argument with any facts from the record. Instead, it generally cites to Texas law showing that delay damages can be considered consequential damages. Conversely, Sayers cites to specific provisions of the subcontract showing that Rogers understood and agreed that time was of the essence and that it would be liable for any lost profits stemming from its breaches of the subcontract.

---

[5] Rogers argues that whether the time is of the essence clause is material to the agreement and whether Rogers's breach was a material breach depend on questions of fact that may not be determined at summary judgment. Yet, it does not point to any facts to support that this time is of the essence clause and its breach specifically were not material to the subcontract. Instead, Rogers merely cites to Texas law supporting that not all clauses and breaches thereof are material. This is not sufficient to gain or defeat summary judgment.

**James C. Mahan**
**U.S. District Judge**

- 7 -

Under Texas law, "[d]irect damages compensate a plaintiff for the loss, damage, or injury that is conclusively presumed to have been foreseen or contemplated by the defendant as a consequence of its breach of contract or wrongful act." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997). Therefore, considering the relevant terms of the subcontract, the court agrees with Sayers that its lost profits and overhead are direct damages—not consequential.

Rogers also argues that Sayers's breach of contract counterclaim fails because it does not establish any specific amount of damages. Rogers ignores that Sayers does not seek summary judgment on the amount of damages it suffered, merely on the issue of liability so that trial can be narrowed to the issue of determining damages. (*See* ECF No. 76 at 21 n.88). To the extent that it must show damages to gain summary judgment on the issue of liability, Sayers provides a detailed breakdown of its alleged delay damages stemming from Rogers's breach. (*See* ECF No. 76-26). Therefore, while the exact amount of Sayers's damages remains undetermined, there is no question as a matter of law that Sayers shows damages from Rogers's breach.[6]

Accordingly, the court DENIES Rogers's motion for summary judgment as to Sayers's breach of contract counterclaim.

### iii. Rogers fails to support its affirmative defenses

Rogers argues that Sayers extended the deadlines relevant to the time is of the essence clause by agreement or waiver. (ECF No. 84 at 12). The court disagrees.

Having extensively reviewed Rogers's motions, responses, and replies, the court cannot find any evidence to support the contention that Sayers modified the progress schedule in accordance with the subcontract or that Sayers waived the time is of the essence clause. Any correspondence between the parties to the contrary is inadmissible parole evidence. To the extent some exception applies, no communications indicate a clear waiver of Rogers's obligation to complete the work by July of 2018. Even so, Rogers did not complete its work until

---

[6] Rogers's arguments regarding Sayers's failure to establish any damages exclusively rely on the deposition testimony of its expert witness Tedd Scott. (*See* ECF No. 74 at 27–28). Yet, Rogers does not provide any law upon which this court can hold that the "typical" way to establish critical delay is necessary for Sayers to establish damages.

November of 2018, one month past the date Rogers avers the subcontract's deadline had been extended to.

As the court finds no evidence of waiver or modification, Rogers's affirmative defenses fail as a matter of law.[7] Accordingly, the court GRANTS Sayers's motion for summary judgment as to Rogers's affirmative defenses.

### iv. Sayers prevails on its breach of contract counterclaim

In summary, Rogers materially breached the subcontract by failing to complete its work until four months after the date it was required to "strictly adhere to" under the subcontract. Rogers's material breach excused Sayers from remitting payment on the invoices and caused Sayers direct damages in an amount to be determined at trial. Sayers did not waive or modify Rogers's obligations to timely perform, nor did it waive the damages it now seeks.

Accordingly, the court GRANTS summary judgment in favor of Sayers on its breach of contract counterclaim, Rogers's affirmative defenses, Rogers's breach of contract claim, and Sayers's affirmative defense. Consequently, the court DENIES Rogers's motions for summary judgment as to those issues.

### 2. *Sayers's fraudulent inducement and statutory fraud counterclaims against Rogers fail as a matter of law*

Sayers fails to show any genuine issues of material fact exists as to whether Rogers had the requisite intent for either of Sayers's fraud claims. Accordingly, the court GRANTS Rogers's motion for summary judgment as to those claims.

### 3. *Rogers's Miller Act claim*

"The Miller Act requires that a general contractor on a federal project post a bond for the purpose of protecting the suppliers of materials for the project." *Jems Fabrication, Inc., USA v. Fid. & Deposit Co. of Md.*, 566 Fed. Appx. 298, 300 (5th Cir. 2014) (citing *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 220 (5th Cir. 2012)). "It provides suppliers and subcontractors with the right to sue a prime contractor to recover on the bond for the amounts owed to them." *Id.* (citing 40 U.S.C. § 3133(b)(1)).

---

[7] Rogers abandoned its other affirmative defense for failure to state a claim. (ECF No. 84 at 20).

Congress enacted the statute "to protect parties such as subcontractors or suppliers who work on federal projects as state-law liens cannot be applied against federally-owned property and traditional state-law remedies are unavailable." *Arena*, 669 F.3d at 220. "The Miller Act is 'highly remedial in nature' and 'is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.' " *Jems*, 566 Fed. Appx. at 301 (quoting *Clifford F. MacEvoy Co. v. U.S. for Use & Benefit of Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944)).

Rogers argues that it has satisfied all elements of the Miller Act, and the court agrees. Rogers has shown that it supplied labor and materials in prosecution of the work provided for in the subcontract, that it has not been paid for some of its labor and materials, that it had a good faith belief that the labor and materials were intended for the project, and that it met the jurisdictional requisites of timely notice and filing of this action.

Sayers and Philadelphia Indemnity argue that a principal or surety is liable under the Miller Act only to the extent the principal is liable on the underlying subcontract. *See U.S. ex rel. Walton Technology, Inc. v. Weststar Engineering, Inc.*, 290 F.3d 1199, 1206 (9th Cir. 2002); *Artistic Stone Crafters v. Safeco Ins. Co.*, 726 F. Supp. 2d 595 (E.D. Va. 2010); *U.S. ex rel. Westinghouse Elec. V. James Stewart Co.*, 336 F.2d 777, 760 (9th Cir. 1964). The court disagrees and holds instead that Rogers is entitled to unpaid costs associated with the labor and materials it provided for the project.

In *Walton*, the Ninth Circuit held that the liability of a surety and its principal on a Miller Act payment bond is coextensive with the contractual liability of the principal only to the extent that it is consistent with the rights and obligations created under the Miller Act. 290 F.3d at 1207. ("Where subcontract terms effect [*sic*] the timing of recovery or the right of recovery under the Miller Act, enforcement of such terms to preclude Miller Act liability contradict the express terms of the Miller Act."). Further, in *Mai Steel Service, Inc. v. Blake Construction Co.*, 981 F.2d 414 (9th Cir. 1992), the Ninth Circuit held that a subcontractor may recover from the surety under the Miller Act even when the primary contractor is not at fault for the delay. *Id.* at 418–19.

James C. Mahan
U.S. District Judge

While this circuit has not expressly decided the issue of whether a subcontractor can recover for labor and material costs when it caused the delayed performance, the express terms of the Miller Act do not preclude recovery of labor and material costs incurred by a subcontractor whose materials and labor are adequate in all aspects other than timeliness. Thus, considering the Miller Act's express purpose and the previously discussed case law, the court holds that a breach of a "time is of the essence" clause does not necessarily preclude a subcontractor from prevailing on its Miller Act claim to recover the costs of labor and materials spent towards its otherwise satisfactory work.

Therefore, while Sayers's duty to remit payments to Rogers was excused in a contractual sense, it—and its surety Philadelphia Indemnity—remain liable to Rogers for the unpaid costs of materials and labor Rogers supplied in prosecution of the work provided for in the contract—i.e., all unpaid labor and material costs Rogers accrued while working on the project.

Accordingly, the court DENIES Sayers's motion for summary judgment and GRANTS Rogers's motion as to Rogers's Miller Act claim for the issue of liability, without holding any specific amount due. The only issues remaining for trial are thus Sayers's amount of damages for its breach of contract counterclaim, and Rogers's amount of damages for its Miller Act claim.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Rogers's motions for summary judgment (ECF Nos. 73, 74) be, and the same hereby are, GRANTED in part and DENIED in part. Summary judgment is granted in favor of Rogers on the liability portion of its Miller Act claim and on Sayers's fraud counterclaims and denied on all other issues.

IT IS FURTHER ORDERED that Sayers's motion for summary judgment (ECF No. 76) be, and the same hereby is, GRANTED in part and DENIED in part. Summary judgment is granted in favor of Sayers on its breach of contract counterclaim and Rogers's affirmative defenses, Rogers's breach of contract claim and Sayers's affirmative defense, and denied on all other issues.

**James C. Mahan**
**U.S. District Judge**

1          IT IS FURTHER ORDERED that Sayers's motion to strike (ECF No. 80) be, and the
2  same hereby is, DENIED.
3          IT IS FURTHER ORDERED that Sayers's motion to exceed page limits (ECF No. 82)
4  be, and the same hereby is, GRANTED.
5       The court shall not enter judgment until the issues of damages are adjudicated.
6       DATED March 14, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**