UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SOURCE HELICOPTERS, DIVISION OF ROGERS HELICOPTERS, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>SAYERS CONSTRUCTION, LLC, et al.,<br><br>Defendant(s). | Case No. 2:19-CV-1602 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Philadelphia Indemnity Insurance Company's ("PIIC") motion for reconsideration and clarification of the court's order on summary judgment (ECF No. 92). (ECF No. 93). Use-plaintiff Source Helicopters, Division of Rogers Helicopters ("Rogers") filed a response (ECF No. 96), to which PIIC replied (ECF No. 98).

Also before the court is Rogers's motion for reconsideration and clarification of the court's order on summary judgment (ECF No. 92). (ECF No. 97). Defendant Sayers Construction, LLC ("Sayers") and PIIC filed responses (ECF Nos. 101; 102), to which Rogers replied (ECF Nos. 103; 104).

**I.     Background**

In its previous order (ECF No. 92), the court granted summary judgment in favor of Sayers on its breach of contract claim, Rogers's affirmative defenses, Rogers's breach of contract claim, and Sayers's affirmative defense. Specifically, the court held that Rogers failed to provide any evidence indicating that Sayers made a "clear waiver of Rogers's obligation to complete the work by July of 2018." (*Id.* at 8).

**James C. Mahan**
**U.S. District Judge**

Additionally, the court granted summary judgment in favor of Rogers as to the liability portion of its Miller Act claim. (*Id.* at 11). Specifically, it held that Sayers and PIIC remained liable to Rogers for unpaid material and labor costs because "a breach of a 'time is of the essence' clause does not necessarily preclude a subcontractor from prevailing on its Miller Act claim to recover the costs of labor and materials spent towards its otherwise satisfactory work." (*Id.*).

PIIC now moves for the court to reconsider and clarify its holding because Ninth Circuit caselaw provides that a surety is liable under the Miller Act only for "amounts justly due," which cannot include amounts previously due under a now materially breached contract. (ECF No. 93). Rogers also moves for the court to reconsider and clarify its holding because Texas caselaw provides that a contractor is not excused from paying its subcontractor if it treats the contract as continuing after the subcontractor's material breach. (ECF No. 97).

## II.   Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); LR 59-1(b) ("Motions for reconsideration are disfavored."). Reconsideration is appropriate under Rule 59(e) only if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LR 59-1(a). There must be "facts or law of a strongly convincing nature in support of reversing the prior decision." *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017) (internal quotation marks omitted), *aff'd*, 719 F. App'x 672 (9th Cir. 2018).

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It also should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b); *see*

James C. Mahan
U.S. District Judge

- 2 -

*also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). It is improper to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013) (Mahan, J.).

**III.    Discussion**

Consistent with this order, the court GRANTS Rogers's motion to reconsider (ECF No. 97) and PIIC's motion to clarify (ECF No. 93). The court clearly erred in granting summary judgment on Rogers's waiver/estoppel affirmative defense by determining issues that should have been left for the trier of fact.

Accordingly, the court vacates its grant of summary judgment in favor of Sayers on Rogers's affirmative defense. Consequently, it also vacates its grant of summary judgment on Sayers's breach of contract claim, Rogers's breach of contract claim, and Sayers's affirmative defense. Additionally, the court clarifies that PIIC's liability on Rogers's Miller Act claim is measured by Sayers's liability on Rogers's breach of contract claim.

> A. <u>Rogers properly argued at summary judgment that Sayers treated the contract as continuing after Rogers's material breach of the contract's time is of the essence clause</u>

At summary judgment, the court held that Rogers could not use its parol evidence to show that the time is of the essence clause was immaterial to the contract or had been expressly waived before Rogers's breach. However, Rogers may use the evidence to support its argument that Sayers treated the contract as continuing after Rogers's breach. As Sayers's conduct following Rogers's breach is genuinely disputed, summary judgment is inappropriate.

Under Texas law,[1] a party has one choice at breach, to terminate the contract or to treat it as continuing. If the non-breaching party treats the contract as continuing after a material breach, it deprives itself of any excuse to cease its own performance. *See Hanks v. GAB Bus. Servs., Inc.*, 644 S.W.2d 707, 708 (Tex. 1982); *Hernandez v. Frazier*, No. SA-11-CV-0009-DAE, 2013 WL 12142355, at *18 (W.D. Tex. Mar. 25, 2013) ("Under Texas law, if one party

---

[1] The subcontract is governed by Texas law. (ECF No. 1-1 at 9).

James C. Mahan
U.S. District Judge

- 3 -

breaches a contract, the other party may not cease to perform its part of the contract while simultaneously continuing to insist on performance by the defaulting party." (citing *Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 901 (Tex. App. 2008))).

Here, Rogers argued in its summary judgment briefing that Sayers treated the contract as continuing after Rogers's alleged breach.  (*See* ECF No. 90 at 8).  It argued that after it missed the subcontract's original starting date, its representatives continued discussions with Sayers's representatives regarding the work provided for in the subcontract.  (*See e.g.*, ECF No. 90 at 4–6).  It further argued that even after its breach, Sayers maintained that Rogers was to complete its work for the project in accordance with updated deadlines Sayers's received from its client. (*Id.*).

Conversely, Sayers disputed essentially all the facts that Rogers used to support its arguments.  (*See* ECF Nos. 84 at 1–11; 91 at 9–10).  It also argued that it did not extend Rogers's deadlines but admitted that it continued to accept Rogers's late work until the project was eventually completed.  (*See* ECF No. 91 at 21–22).

Considering that 100% of Rogers's work occurred after it had materially breached the subcontract by failing to start by the agreed upon date, that Sayers continued to deal with Rogers instead of finding a new subcontractor, and that Sayers's work and materials were adequate in all aspects other than timeliness, there remain genuine disputes of material fact as to whether Sayers terminated the contract or treated it as continuing despite Rogers's breach.  While the court did not find evidence that Sayers made a clear and unequivocal waiver of Rogers's deadlines, a trier of fact could determine that Sayers's conduct after Rogers's breach treated the contract as continuing and therefore waived any right to an excusal defense for Rogers's breach of contract claim.

Rogers's breach of contract claim relies on a finding that Sayers was not excused from performing, and Rogers's affirmative defense is the waiver/estoppel discussed above.  Therefore, the court erred in granting summary judgment on those issues.  The court now holds that summary judgment is not warranted in favor of Rogers or Sayers on their dueling breach of contract claims and respective affirmative defenses.

James C. Mahan
U.S. District Judge

Consequently, as Rogers's Miller Act claim requires a finding that it supplied materials in prosecution of the work provided for in the contract, the court clarifies its holding regarding that claim. As PIIC correctly argues, the measure of Rogers's recovery under the Miller Act is based on the amount <u>justly due</u> under the subcontract that PIIC's bond is premised upon. Therefore, PIIC's liability on Rogers's Miller Act claim is measured by the amount Sayers is liable to Rogers on its breach of contract claim. As the court vacates its grant of summary judgment in favor of Sayers on its breach of contract claim, it also vacates summary judgment in favor of Rogers on its Miller Act claim.

In summary, the court vacates its previous order as to its holdings on Rogers's breach of contract claim, Sayers's affirmative defense, Sayers's breach of contract counterclaim, Rogers's affirmative defenses, and Rogers's Miller Act claim. This matter is not appropriate for summary judgment on those issues because genuine issues of material fact exist as to whether Sayers's conduct constitutes treating the subcontract as continuing after Rogers's initial and subsequent breaches of the subcontract's time is of the essence clause.[2]

To clarify, the court's previous order remains in effect as to its rulings on Sayers's motion to strike, Sayers's motion to exceed page limits, and summary judgment on Sayers's fraud-based claims. (*See* ECF No. 92 at 11–12).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Rogers's motion for reconsideration (ECF No. 97) be, and the same hereby is, GRANTED. The court's grant of summary judgment in favor of Sayers on Sayers's breach of contract counterclaim, Rogers's affirmative defenses, Rogers's breach of contract claim, Sayers's affirmative defense, and in favor of Rogers's on its Miller Act claim (ECF No. 92) are VACATED. Summary judgment is DENIED on those issues.

. . .

. . .

---

[2] Consequently, PIIC's motion to reconsider is moot.

**James C. Mahan
U.S. District Judge**

- 5 -

1     IT IS FURTHER ORDERED that Philadelphia's motion to clarify (ECF No. 93) be, and
2 the same hereby is, GRANTED in part and DENIED in part, consistent with this order.
3     DATED June 22, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -